**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6545**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHIRLEY INGRAM, JR. a/k/a Raheem,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:10-cr-00069-FDW-1; 3:15-cv-00553-FDW)

Submitted:  March 12, 2019                    Decided:  March 21, 2019

Before GREGORY, Chief Judge, and AGEE and THACKER, Circuit Judges.

Vacated and remanded in part and dismissed in part by unpublished per curiam opinion.

Shirley Ingram, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shirley Ingram, Jr., of possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug-trafficking crime. The district court concluded that Ingram qualified as an armed career criminal based in part on his prior North Carolina convictions for breaking or entering and imposed the statutory minimum sentence of 240 months' imprisonment. *See* 18 U.S.C. § 924(c), (e) (2012). After an unsuccessful direct appeal, Ingram filed a 28 U.S.C. § 2255 (2012) motion raising a variety of challenges to his convictions and sentence, including a challenge to his armed career criminal designation. Ingram filed several motions related to his § 2255 motion, the last of which was a motion for summary judgment on his claim that his North Carolina breaking or entering convictions no longer qualified as predicate felonies for the armed career criminal designation in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The district court construed this motion as an amended § 2255 motion, denied relief on Ingram's *Mathis* claim, and concluded that Ingram had abandoned his remaining challenges to his convictions and sentence. The court thereafter denied Ingram's Fed. R. Civ. P. 59(e) motion for reconsideration, in which Ingram argued that the court misconstrued his motion for summary judgment. On appeal, Ingram contends that the court erred in denying relief on his *Mathis* claim and concluding that he abandoned review of his remaining claims. We vacate and remand in part and dismiss in part.

We conclude that Ingram did not mean to abandon his remaining claims to his convictions and sentence. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015) (reiterating that pro se pleadings must be liberally construed). Although Ingram stated

that the district court could ignore the other arguments raised in his § 2255 motion, he clarified that the court could do so only in the event that it granted him relief on his *Mathis* claim, as that would purportedly result in his immediate release. Because the court did not grant him such relief, it should have considered his remaining claims. Accordingly, we vacate the portion of the court's order construing Ingram's motion for summary judgment as an amended § 2255 motion that abandoned all claims apart from the *Mathis* claim. Moreover, because the court's rulings on Ingram's related motions were based on its belief that Ingram was proceeding on his *Mathis* claim only, we vacate the court's rulings on those motions. We deny Ingram's motion for a certificate of appealability as unnecessary and remand for further proceedings.[*] *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (holding that certificate of appealability requirement only "governs final orders that dispose of the merits of a habeas corpus proceeding").

Ingram may not appeal from the denial of his challenge to his armed career criminal designation unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*,

---

[*] Because we vacate and remand the portion of the court's order interpreting Ingram's motion for summary judgment, we need not consider his appeal of the order denying his Rule 59(e) motion to reconsider that interpretation.

3

529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Ingram has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of the portion of the district court's order denying Ingram's challenge to his armed career criminal designation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART;*
*DISMISSED IN PART*